# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ✓

| | |
|---|---|
| Case No. **CR 05-1001 ER** | Date **March 6, 2006** |

Present: The Honorable **EDWARD RAFEEDIE, DISTRICT COURT JUDGE**

Interpreter **Not applicable**

| Pamela Silence | Margaret Babykin | Brian Hoffstadt |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Marc D. Hoaglin | ✓ | | BOND | Michael T. Shannon | ✓ | ✓ | |

Proceedings: **SENTENCING**

Case called. Counsel make their appearances. Court and counsel confer. Defendant is invited but declines to allocute. Defendant is sentenced. Refer to Judgment and Probation/Commitment Order attached hereto.

: 30

Initials of Preparer 

ENTER ON CMS

MAR 21 2006



Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

## United States District Court
## Central District of California

UNITED STATES OF AMERICA vs.    Docket No. **05-1001 ER**

Defendant **MARC D. HOAGLIN**    Social Security No. **2 1 7 5**
akas: Hoaglin, Marc Donald    (Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 3 | 6 | 06 |

**COUNSEL** ☑ WITH COUNSEL    Michael T. Shannon, CJA Panel
(Name of Counsel)

**PLEA** ☑ GUILTY, and the court being satisfied that there is a factual basis for the plea. ☐ NOLO CONTENDERE ☐ NOT GUILTY

**FINDING** There being a finding/verdict of ☑ GUILTY, defendant has been convicted as charged of the offense(s) of:

**Uploading Copyrighted Work Being Prepared for Commercial Distribution in violation of 17 U.S.C. § 506(a)(1)(C) and 18 U.S.C. § 2319(d)(1) as charged in the Single-Count Indictment**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that defendant, Marc D. Hoaglin, is hereby placed on probation on Count 1 of the Single-Count Indictment for a term of **thirty-six (36) months** under the following terms and conditions:

[1]  The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318.

[2]  The defendant shall participate for a period of **four (4) months** in a home detention program which includes electronic monitoring and shall observe all the rules of such program, as directed by the Probation Officer.

[3]  The defendant shall pay the costs of home confinement monitoring to the contract vendor, not to exceed the sum of $12.00 for each day of participation in the electronic monitoring, GPS, and/or voice recognition program. The defendant shall provide payment and proof of payment as directed by the Probation Officer.

USA vs. **MARC D. HOAGLIN**     Docket No.: **CR 05-1001 ER**

[4]  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to at least two periodic drug tests, not to exceed eight tests per month, as directed by the Probation Officer.

[5]  The Court will not order that defendant participate in an outpatient substance abuse treatment and counseling program at this time. However, the Probation Officer may petition the Court for such treatment at a later date. The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision.

[6]  The Court will not order that the defendant participate in mental health treatment, as it no longer appears to be a matter of concern. However, the Probation Officer may petition the Court for that treatment at a later time.

[7]  The defendant shall use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet services providers (ISPs), as approved by the Probation Officer. Computers and computer-related devices include but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers or similar media.

[8]  All computers, computer-related devices, and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer.

[9]  The defendant shall cooperate in the collection of a DNA sample from the defendant.

[10] The Court also orders a fine in the amount of $1,000.00, to be paid at the rate of $100.00 per month, on which amount the Court waives interest.

[11] During the period of probation, the defendant shall pay the special assessment in the amount of $100.00 in accordance with this judgment's orders pertaining to such payment.

USA vs. **MARC D. HOAGLIN**          Docket No.: **CR 05-1001 ER**

[12] Because a restitution amount could not be quantified or supported by any factual basis, the Court will not order that defendant pay restitution.

[13] The defendant shall comply with General Order 01-05.

The defendant's bond is exonerated.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

March 20, 2006
Date

U. S. District Judge EDWARD RAFEEDIE

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.



Sherri R. Carter, Clerk

March 20, 2006
Filed Date

By Deputy Clerk

1139

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

USA vs. **MARC D. HOAGLIN**     Docket No.: **CR 05-1001 ER**

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. **MARC D. HOAGLIN**  Docket No.: **CR 05-1001 ER**

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Deputy Marshal

_____
Date

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Deputy Clerk

_____
Filed Date

CR-104 (11/04)    JUDGMENT & PROBATION/COMMITMENT ORDER
Page 5 of 6

| USA vs. | **MARC D. HOAGLIN** | Docket No.: | **CR 05-1001 ER** |
|---|---|---|---|

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
           Defendant                                           Date


_____              _____
U. S. Probation Officer/Designated Witness      Date

# NOTICE PARTY SERVICE LIST

Case No. CR **05-1001** ER  Case Title USA v. **MARC D. HOAGLIN**

Title of Document  Judgment and Probation/Commitment Order

|   | |   | |
|---|---|---|---|
|   | Atty Sttlmnt Officer |   | Stratton, Maria - Federal Public Defender |
|   | BAP (Bankruptcy Appellate Panel) |   | US Attorneys Office - Civil Division -L.A. |
|   | Beck, Michael J (Clerk, MDL Panel) |   | US Attorneys Office - Civil Division - S.A. |
| X | BOP (Bureau of Prisons) |   | US Attorneys Office - Criminal Division -L.A. |
|   | CA St Pub Defender (Calif. State PD) |   | US Attorneys Office - Criminal Division -S.A. |
|   | CAAG (California Attorney General's Office - Keith H Borjon, L.A. Death Penalty Coordinator) |   | US Bankruptcy Court |
|   | Case Asgmt Admin (Case Assignment Administrator) | X | US Marshal Service - Los Angeles (USMLA) |
|   | Catterson, Cathy (9th Circuit Court of Appeal) |   | US Marshal Service - Riverside (USMED) |
|   | Chief Deputy Admin |   | US Marshal Service -Santa Ana (USMSA) |
|   | Chief Deputy Ops | X | US Probation Office (USPO) |
|   | Clerk of Court |   | US Trustee's Office |
|   | Death Penalty H/C (Law Clerks) |   | Warden, San Quentin State Prison, CA |
|   | Dep In Chg E Div | | |
|   | Dep In Chg So Div | | |
| X | Fiscal Section | | |
|   | Intake Section, Criminal LA | | |
|   | Intake Section, Criminal SA | | |
|   | Intake Supervisor, Civil | | |
|   | Interpreter Section | | |
|   | PIA Clerk - Los Angeles (PIALA) | | |
|   | PIA Clerk - Riverside (PIAED) | | |
|   | PIA Clerk - Santa Ana (PIASA) | | |
| X | PSA - Los Angeles (PSALA) | | |
|   | PSA - Riverside (PSAED) | | |
|   | PSA - Santa Ana (PSASA) | | |
|   | Schnack, Randall (CJA Supervising Attorney) | | |
|   | Statistics Clerk | | |

**ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

Initials of Deputy Clerk 

G-75 (02/04)                                    NOTICE PARTY SERVICE LIST